*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VALERIE JOHNSON,

        Plaintiff/Counterdefendant-
        Appellee,

and

VALE ROYAL, LLC,

        Plaintiff-Appellee,

v

DONALD KOVELESKI, and HILLTOP
CONTRACTING, INC.,

        Defendants/Counterplaintiffs-
        Appellants.

UNPUBLISHED
December 10, 2019

No. 346961
Livingston Circuit Court
LC No. 16-029147-CK

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

In this construction dispute, defendants appeal as of right from the trial court's entry of judgment after a bench trial. The sole issue on appeal is whether the trial court erroneously declined to award defendants $19,955 in damages for alleged out-of-pocket expenses. Because the trial court did not clearly err in declining to award those damages, we affirm.

## I. BACKGROUND

This case arises from a contract to tear down, relocate, and reconstruct an old barn. The barn was historically called Vale Royal, and its owner donated it to plaintiff Valerie Johnson, who sought to relocate it to her own real property for use as a wedding venue. Johnson hired defendant Hilltop Contracting, Inc. to demolish, relocate, and reconstruct the barn, and defendant Donald Koveleski was Hilltop's president. After hiring Hilltop, Johnson formed an entity, plaintiff Vale Royal, LLC, for purposes of running her anticipated wedding-barn business.

-1-

Hilltop disassembled the barn and transported its elements to Johnson's real property, but delays in obtaining permits from the township caused the parties' business relationship to break down. Johnson fired Hilltop from the project and hired substitute contractors who reassembled the barn. Johnson then filed this lawsuit against Hilltop and Koveleski, alleging claims for breach of contract, conversion, and unjust enrichment. Defendants filed counterclaims against Johnson, seeking damages for breach of contract, unjust enrichment, and quantum meruit.

The trial court held a three-day bench trial and made lengthy oral remarks from the bench, summarizing the testimony and evidence admitted during the trial and announcing its factual findings. Regarding plaintiffs' claims, the trial court awarded a no-cause of action to both defendants on all of Vale Royal LLC's claims, because that entity was not created until after Hilltop had been hired, and therefore was not a party to the contract; awarded a no-cause of action to Koveleski on the breach of contract claim, because the trial court declined to pierce the corporate veil; held that the purported contract between Johnson and Hilltop was unenforceable because there was no meeting of the minds; awarded a no-cause of action to Koveleski on Johnson's claim for conversion because she failed to prove that he took anything; and awarded Johnson a $30,000 judgment against Hilltop, representing the additional costs she incurred to reconstruct the barn after Hilltop damaged wooden beams and other barn components during its disassembly work. Regarding defendants' counterclaims, the trial court held that the value of the tear-down work that defendants performed was $30,000 and that defendants had been fully paid that amount by Johnson. The trial court declined to award defendants the additional $19,955 that they sought for alleged out-of-pocket expenses. This appeal followed.

## II. ANALYSIS

On appeal, plaintiffs have not challenged either the trial court's entry of a no-cause of action on all of Vale Royal, LLC's claims, or the no-cause of action on Johnson's conversion claim against Koveleski. Further, plaintiffs have not challenged the trial court's ruling that Hilltop was entitled to and did receive $30,000 for the work that it performed. Defendants, in turn, have not challenged the trial court's award of a $30,000 judgment in Johnson's favor against Hilltop, representing the additional costs Johnson incurred because Hilltop damaged wooden components during its work. The sole issue on appeal is whether the trial court erroneously declined to award defendants $19,955 in additional damages for defendants' alleged out-of-pocket expenses.

"A trial court sitting without a jury must make specific findings of fact, state its conclusions of law separately, and direct entry of the appropriate judgment." *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 176; 530 NW2d 772 (1995). "Findings of fact regarding matters contested at a bench trial are sufficient if they are brief, definite, and pertinent, and it appears that the trial court was aware of the issues in the case and correctly applied the law, and where appellate review would not be facilitated by requiring further exploration." *Id*. (cleaned up). This Court will "reverse a trial court's findings of fact only when they are clearly erroneous." *Sands Appliances Servs, Inc v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000). "As with other findings of fact, an award of damages is reviewed on appeal pursuant to the clearly erroneous standard." *Triple E Produce*, 209 Mich App at 177. A finding of fact is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 730; 909 NW2d 890 (2017).

Defendants argue on appeal that Koveleski presented unrebutted testimony that defendants suffered $19,955 in damages for alleged out-of-pocket expenses, over and above the $30,000 that the trial court recognized defendants had been paid for the tear-down work. Because this testimony was unrebutted, they argue, the trial court clearly erred when it failed to award them this amount in damages. Defendants' argument is without merit.

As explained above, the trial court held a three-day bench trial and made lengthy oral remarks from the bench, summarizing the testimony and evidence and announcing its factual findings. The trial court found some of Johnson's testimony to be credible, and some of Koveleski's testimony to be credible; the trial court also rejected some testimony from each witness as lacking in credibility. Although the trial court could have expressed its conclusions regarding defendants' counterclaims with more precision, its conclusion was fairly clear that defendants had been "fully paid" for the work performed to disassemble the barn and transport its materials to Johnson's real property. By making this factual finding, the trial court necessarily rejected defendants' claim for an additional $19,955 above and beyond the $30,000 that the trial court awarded to them.

It is clear from the trial court's remarks that it was aware of the issues in the case, the documentary evidence submitted by the parties, and the testimony provided by the parties' respective witnesses. Defendants do not argue that the trial court misunderstood or mischaracterized Koveleski's testimony regarding defendants' out-of-pocket damages. Having reviewed the record in this case, we conclude that the trial court simply made a credibility determination that defendants did not prove by a preponderance of the evidence the claimed expenditure of $19,955 for out-of-pocket expenses. "While another fact-finder might have reached a conclusion more to [defendants'] liking, we are not left with a definite and firm conviction that the trial court here made a mistake in its findings, especially giving appropriate deference to the trial court's superior ability to judge the credibility of the witnesses and their accounts of what occurred." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 655; 662 NW2d 424 (2003). Even if Koveleski offered the only testimony regarding defendants' alleged expenditures, the trial court was free to determine whether it found that unrebutted testimony to be credible. We are not left with a definite and firm conviction that the trial court made a mistake when it declined to award defendant the additional $19,955 they sought in damages.

Defendants further argue that the trial court misunderstood the nature of damages regarding a party's claims of unjust enrichment and quantum meruit. This argument is without merit.

In order "to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. In other words, the law will imply a contract to prevent unjust enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 195; 729 NW2d 898 (2006) (cleaned up). "Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 241; 886 NW2d 772 (2015) (cleaned up).

"When unjust enrichment exists, the law operates to imply a contract in order to prevent it." *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 504; 739 NW2d 656 (2007) (cleaned up). Likewise, the "theory underlying quantum meruit recovery is that the law will imply a contract in order to prevent unjust enrichment." *Morris Pumps*, 273 Mich App at 194. "Whether a specific party has been unjustly enriched is generally a question of fact. However, whether a claim for unjust enrichment can be maintained is a question of law, which we review de novo." *Id.* at 193 (cleaned up). "[C]laims for unjust enrichment and quantum meruit have historically been treated in a similar manner." *NL Ventures*, 314 Mich App at 241.

The correct measure of damages for an unjust-enrichment claim is the value of the benefit received by the defendant, not the actual damage suffered by the plaintiff. *B & M Die Co v Ford Motor Co*, 167 Mich App 176, 182-183; 421 NW2d 620 (1988). In the context of defendants' counterclaims in this case, the measure of damages for unjust enrichment was therefore the value of the benefit received by Johnson as a result of defendants' work, not the out-of-pocket costs expended by defendants. It is apparent from the trial court's factual findings in this case that it believed the value of the benefit received by Johnson from defendants' disassembly and transportation work was $30,000, rather than the $49,955 in total damages that defendants alleged. That factual finding was not clearly erroneous.

Affirmed. Plaintiff Johnson, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford

-4-